# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES OTIS WILLIAMS, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:19-cv-01118-LCB-SGC |
| ) | |
| JESSICA La'SHAY SANDERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the court are several motions filed by the plaintiff. (Docs. 4, 6, 9, 11). The undersigned addresses each motion below.

**I. Motion to Proceed *In Forma Pauperis***

At the time he filed the complaint, the plaintiff was incarcerated in a prison, jail, or other place of detention and was therefore subject to the Prison Litigation Reform Act of 1995 (the "PLRA"). Pursuant to the provisions of the PLRA, the plaintiff was ordered to pay an initial partial filing fee of $48.60 and return a signed prisoner consent form to the Clerk, signifying he agreed to allow regular deductions from his prison or jail account to satisfy the full filing fee in this action. (Doc. 5).

However, on September 19, 2019, the plaintiff submitted a notice of change of address indicating he had been released from custody. (Doc. 7). He was therefore

ordered to show cause in writing why he should not now be required to pay the initial partial filing fee of $48.60 and the balance of the $350 filing fee before being allowed to proceed. (Doc. 8). The plaintiff was instructed that at a minimum he must complete and sign the form document titled "Response to Order to Show Cause." (*Id.*).

On November 27, 2019, the plaintiff returned a completed and signed response indicating he is presently unable to prepay the filing fee. (Doc. 11). The court construes the plaintiff's response as an application to proceed *in forma pauperis* and, as such, finds it is due to be **GRANTED** to the extent the plaintiff may proceed with this action without prepayment of court filing fees or the giving of security. 28 U.S.C. § 1915(a)(1).

The report and recommendation (Doc. 10), filed by the undersigned on October 24, 2019, is **WITHDRAWN**. Moreover, the motion for an extension of time to pay the initial partial filing fee (Doc. 9), which the plaintiff filed on October 2, 2019, is **DENIED** as **MOOT**.

## II. Motion Seeking Habeas Relief

The plaintiff commenced this action on July 17, 2019, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 1). On August 19, 2019, the plaintiff filed a motion requesting "release by writ of habeas corpus" on the ground he had already completed more than sixty days of his ninety-day

sentence. (Doc. 4). The plaintiff cannot maintain a federal habeas claim and a § 1983 claim in the same action. Accordingly, the Clerk is **DIRECTED** to **TERM** the plaintiff's motion seeking habeas relief (Doc. 4) and provide the plaintiff with a blank habeas petition form. To the extent the plaintiff still wishes to challenge the fact or duration of his confinement, he must commence a separate action by completing and filing the habeas petition form.[1]

**III. Motion for Order to Show Cause**

On September 19, 2019, the plaintiff filed a motion seeking an order directing one of the defendants to show cause why the court should not issue a preliminary injunction and temporary restraining order. (Doc. 6). The plaintiff is advised this request is premature. Specifically, this court utilizes an informal special report procedure in actions in which prisoners or detainees allege they have been deprived of constitutional rights. Under the special report procedure, once a complaint is reviewed pursuant to 28 U.S.C. § 1915A, and if it is determined the complaint is not

---

[1] The plaintiff is advised a habeas petitioner must be "in custody" under the challenged conviction at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91. The "in custody" requirement may be satisfied by, for example, incarceration or parole. *Id.* at 491; *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963). However, a habeas petitioner is not "in custody" when the sentence imposed for the challenged conviction has fully expired at the time his petition is filed. *Maleng*, 490 U.S. at 491; *see also Diaz v. State of Florida Fourth Judicial Circuit ex rel. Duval Cnty.*, 683 F.3d 1261, 1264 (11th Cir. 2012); *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997). Moreover, even if a petitioner is "in custody" under the challenged conviction at the time his petition is filed, the petition may become moot during its pendency. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). The undersigned notes it appears the plaintiff has been released from custody since filing his motion seeking habeas relief. (*See* Doc. 7).

due to be dismissed, the magistrate judge enters an order for special report, directing the Clerk of Court to send the named defendants a copy of the complaint and requesting the defendants sign waivers of service and submit a special report concerning the factual allegations made by the plaintiff in the complaint. The defendants are also informed they may submit their special report under oath or accompanied by affidavits, so the court may, if appropriate, consider the special report as a motion for summary judgment pursuant to Rule 56, *Federal Rules of Civil Procedure*. A summons and complaint are served on a defendant only after the defendant refuses or fails to respond to the court's order for special report.

In this instance, the court has not completed its initial review process pursuant to 28 U.S.C. § 1915A. Accordingly, the plaintiff's motion (Doc 6) is **DENIED WITHOUT PREJUDICE** as premature.

The Clerk is **DIRECTED** to serve a copy of this order upon the plaintiff.

**DONE** this 16th day of January, 2020.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE